UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLUWATOYIN JOSEPH KAFARU and SANDRA A. CLARKE, Plaintiffs, | : : : : | |
| v. | : : | Case No. 3:07-CV-1520 (PCD) |
| KIMBERLY BURROWS, CONSTANCE WHITE, and REDDING LIFE CARE, LLC, Defendants. | : : : | |

## RULING ON MOTION TO DISMISS

In bringing their claim for malicious prosecution, Plaintiffs Oluwatoyin Joseph Kafaru and Sandra A. Clarke have invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1332, claiming diversity of citizenship and an amount in controversy exceeding seventy-five thousand dollars. On December 11, 2007, Defendants Kimberly Burrows, Constance White, and Redding Life Care, LLC moved for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants argue that because Plaintiff Clarke and all three Defendants are citizens of the State of Connecticut, this case should be dismissed for lack of jurisdiction. For the reasons that follow, Defendants' Motion to Dismiss [Doc. No. 17] is hereby **granted in part** and **denied in part.**

The sole cause of action alleged in Plaintiffs' complaint is a Connecticut state law claim for malicious prosecution. (See Compl. at 3.) Redding Life Care, LLC is a Connecticut limited liability company that operates a residential living facility for senior citizens in Redding, Connecticut. (Id. ¶4.) Plaintiffs Kafaru and Clarke and Defendants Burrows and White were employed at the Redding facility during the period in question. (Id.) According to the Complaint, Defendants Burrows and White falsely and maliciously stated to the Redding police

that Kafaru and Clarke had made several fraudulent transactions at various local stores, accusations which resulted in Kafaru and Clarke being arrested and prosecuted on false criminal charges. (Id. ¶ 5.) All of the charges against Plaintiffs were ultimately nolled in October, 2004. (Id. ¶ 6.) On October 15, 2007, Kafaru and Clarke filed their claim for malicious prosecution against Defendants in this Court.

Defendants now move to dismiss the Complaint because the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. A district court has original jurisdiction over a civil action where the matter in controversy exceed $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Under the rule of Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, L. Ed. 435 (1806), complete diversity requires all the parties on one side to be different from all the parties on the other. If the parties to a suit invoking § 1332 lack complete diversity, jurisdiction of the court must be sustained on some other ground. See Danks v. Gordon, 272 F. 821, 824 (2d Cir. 1921) ("Where one or more of the complainants and one or more of the respondents are citizens of the same state, this is fatal to the jurisdiction of the court if the jurisdiction rests simply on the ground of diversity of citizenship.").

Although Plaintiffs specifically invoke 28 U.S.C. § 1332 as the sole basis for jurisdiction in this case, complete diversity does not exist. The Complaint alleges that the suit is brought by a "citizen and resident of the State of Rhode Island against citizens and residents of the State of Connecticut." (Compl. ¶ 1.) The Complaint further alleges that Defendant Redding is a Connecticut limited liability company and that Defendants Burrows and White were Connecticut residents at all relevant times. (Id. ¶ 4.) However, only Plaintiff Kafaru is alleged to be a resident of Rhode Island; the Complaint alleges that Plaintiff Clarke is a resident of Bridgeport,

Connecticut.  (Id. ¶ 3.)  Accordingly, Clarke is not diverse from the defendants, and the suit is not a controversy between citizens of different states.  Defendants would have the Court dismiss the case entirely on this ground.

However, Rule 21 of the Federal Rules of Civil Procedure invests federal courts with the authority to dismiss nondiverse dispensable parties in order to preserve diversity jurisdiction.  See Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832, 109 S.Ct. 2218 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time"); Caspary v. Louisiana Land & Exploration Co., 725 F.2d 189, 191-92 (2d Cir. 1984) (per curiam); Klein v. Marriott Intern., Inc., 34 F. Supp. 2d 176, 179 (S.D.N.Y. 1999); 13B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3605 (2d ed. 2007).  The Court need not dismiss this action in its entirety because Plaintiff Clarke is dispensable within the meaning of Rule 19(b).  See Newman-Green, 490 U.S. at 838, 109 S.Ct. 2218; Kerr v. Compagnie De Ultramar, 250 F.2d 860, 863 (2d Cir. 1958); Independence Ins. Serv. Corp. v. Hartford Fin. Servs., No. Civ.A.304CV1512(JCH), 2005 WL 1038991, at *6 (D. Conn. May 3, 2005); Fed. R. Civ. P. 19(b).  In LeBlanc v. Cleveland, 248 F.3d 95 (2d Cir. 2001), the Second Circuit dismissed a nondiverse plaintiff where the diverse plaintiff's rights were not inexorably intertwined with the nondiverse plaintiff's, the diverse plaintiff could recover completely in the other's absence, and the diverse plaintiff would lack an adequate remedy if the action were dismissed.  Id. at 98 (citing Jaser v. N.Y. Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987)).  Similarly, Plaintiff Kafaru's claim does not appear to be inextricably connected to Plaintiff Clarke's claim and may lack an adequate remedy if dismissed.

3

Accordingly, although the Court must drop nondiverse Plaintiff Clarke's claim, it is not indispensable, and the Court may therefore retain jurisdiction over Kafaru's claim. See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 82 (2d Cir. 2005) (dismissing non-diverse plaintiff which destroyed diversity jurisdiction).

Defendants contend that the Court should also dismiss Kafaru's claim to avoid the possible inefficiencies of duplicative litigation arising out of the same set of facts proceeding in federal and in state court at the same time. However, to support their positions, Defendant rely entirely on cases in which federal courts deferred to actually pending duplicative state court actions. See, e.g., Colorado River Water Conserv. Dist. v. U.S., 424 U.S. 800, 96 S.Ct. 1236 (1976); Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (1985). In this case, the Court will not decline to exercise jurisdiction over Kafaru's diversity claim in deference to a hypothetical state court action which Plaintiff Clarke may or may not choose to pursue. Rather, it is more appropriate for the Court to dismiss the dispensable party in this action to preserve diversity jurisdiction and allow Kafaru's claim to proceed.

Defendant's Motion to Dismiss [Doc. No. 17] is therefore **granted in part** and **denied in part.** Plaintiff Clarke's claim is dismissed without prejudice.

SO ORDERED.

Dated at New Haven, Connecticut, this 9th day of January, 2008.

/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court