## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLUWATOYIN JOSEPH KAFARU | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | 07cv01520(PCD) |
| KIMBERLY BURROWS, | | |
| CONSTANCE WHITE, and | | |
| REDDING LIFE CARE, LLC | : | |
| Defendants. | : | |

_____

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, Oluwatoyin Joseph Kafaru, brings this action alleging malicious prosecution under Connecticut State Law [Compl. Doc. No. 1].  Defendants, Kimberly Burrows, Constance White and Redding Life Care move pursuant to Fed. R. Civ. P. 56© for summary judgment as to all claims.  For the reasons stated herein, Defendant's Motion for Summary Judgment [Doc. No. 37] is **GRANTED.**

### I.     Background

Plaintiff is a citizen and resident of the State of Rhode Island.  Defendant Redding Life Care, LLC, is a Connecticut Limited Liability Company.  Redding operates Meadow Ridge, a nursing home and assisted living facility for senior citizens in Redding, Connecticut.  At all relevant times, Kimberly Burrows and Constance White were agents, servants and employees of Redding. (Compl. ¶¶ 1-4.)

In August and September 2003, Plaintiff Kafaru was employed as a certified nurse's aide at Meadow Ridge. (Defs.' Local Rule 56(a)(1) Stmt. ¶ 4.)  Sandra Clarke (formerly a Plaintiff in

this action) was also employed as a certified nurse's aide at Meadow Ridge during this time period. (Id. at ¶ 5.) On August 22, 2003, the Redding Police Department responded to Meadow Ridge because a resident, Carol Brickhead, reported a stolen credit card with unauthorized charges. (Id. at ¶ 6.) On August 27, 2003, the Redding Police again responded to Meadow Ridge when another resident, Ada Brewster, also reported a stolen credit card with unauthorized charges. (Id. at ¶ 7.) Brewster and Brickhead both gave statements to the Redding Police indicating their wish that the individuals who used their cards without authorization be prosecuted. (Id. at ¶ 8, 9; Defs.' Ex. 5, Succi Dep. at 11.)

The Redding Police then began an investigation into the use of the stolen credit cards. They requested information from the credit card companies and learned that the cards had been used at Baker's Shoes, Wal-Mart and Forever 21. (Id. at 7.) The Redding Police obtained the surveillance tapes of the fraudulent purchases at Wal-Mart and Forever 21. (Id. at 19-20.) These tapes showed that the fraudulent purchases were made by a Black female in the presence of another Black female. The Police then collected photos of all Black female employees at Meadow Ridge with access to the credit cards. (Id. at 13-17.) The store manager of Baker's Shoes identified Sandra Clarke from this photo array. (Id. at 16; Defs.' Ex. 6, Joseph Arrest Warrant ¶ 11.)

The Police then asked Defendants Constance White and Kimberly Burrows to view the surveillance tapes. Based on their personal knowledge from working at Meadow Ridge, both Defendants identified Plaintiff and Clake as the individuals depicted on the tapes. (Defs.' Ex. 6, Joseph Arrest Warrant ¶ 13.) A third Meadow Ridge employee, Sandra Buckle, also identified Plaintiff and Clarke. However, Plaintiff claims that the three identifications were false. (Pl.'s

Local Rule 56(a)(2) Stmt. ¶¶ 17-19, 22.)

Brickhead and Brewster both signed affidavits requesting that the individuals who used their credit cards be prosecuted. (Defs.' Ex. 5, Succi Dep. at 14-15.)  Based on the Redding Police investigation, an arrest warrant was issued for Plaintiff and Clarke. (Defs.' Ex. 6, Joseph Arrest Warrant.)  The Office of the State Attorney then began a prosecution of Plaintiff and Clarke. Plaintiff claims that this prosecution relied on false statements by Defendants. (Pl.'s Local Rule 56(a)(2) Stmt. ¶ 22.)  Defendants submit that the state prosecutor also noted physical similarities between Plaintiff and the individual in the surveillance videos.  The prosecutor testified that she decided to prosecute Plaintiff and Clark based on this observation and her belief that probable cause existed. (Defs.' Ex. 11, Mabbett Dep. at 16, 18, 31.)

However, both Brickhead and Brewster passed away before Plaintiff's hearing on November 2, 2004.  The State nolled the case because without these critical witnesses they could not prove that Plaintiff and Clarke did not have permission to use the credit cards. (Id. at 19; Defs.' Ex. 12, Nov. 2, 2004 Hearing Tr. at 1.)

## II.    Standard of Review

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 55(c).  No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,

587 (1986).  A material fact is one which "might affect the outcome of the suit under the

governing law," and an issue is genuine when "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248

(1986).  However, "[c]onclusory allegations will not suffice to create a genuine issue." <u>Delaware</u>

<u>& H.R. Co. v. Conrail</u>, 902 F.2d 174, 178 (2d Cir. 1990).  The moving party bears the burden of

establishing that summary judgment is appropriate. <u>Anderson</u>, 477 U.S. at 225.  "A defendant

need not prove a negative when it moves for summary judgment on an issue that the plaintiff must

prove at trial.  It need only point to an absence of proof on the plaintiff's part, and, at that point,

plaintiff must "designate specific facts showing that there is a genuine issue for trial.'" <u>Parker v.</u>

<u>Sony Pictures Entm't, Inc.</u>, 260 F.3d 100, 111 (2d Cir. 2001) (quoting Celotex Corp. v. Catrett,

477 U.S. 317, 324 (1986)).

      In determining whether a genuine issue has been raised, all ambiguities are resolved and

all reasonable inferences are drawn against the moving party. <u>United States v. Diebold, Inc.</u>, 369

U.S. 654, 655 (1962); <u>Quinn v. Syracuse Model Neighborhood Corp.</u>, 613 F.2d 438, 445 (2d Cir.

1980).  Determinations of the weight to accord evidence or assessments of the credibility of

witnesses are improper on a motion for summary judgment as such are within the sole province of

the jury. <u>Hayes v. New York City Dep't of Corr.</u>, 84 F.3d 614, 619 (2d Cir. 1996).  "If reasonable

minds could differ as to the import of the evidence . . . and if . . . there is any evidence in the

record from any source from which a reasonable inference in the nonmoving party's favor may be

drawn, the moving party simply cannot obtain a summary judgment." <u>R.B. Ventures, Ltd. v.</u>

4

Shane, 112 F.3d 54, 59 (2d Cir. 1997) (internal citations omitted); see also Sologub v. City of

New York, 202 F.3d 175, 178 (2d Cir. 2000) ("when reasonable persons applying the proper legal

standards could differ in their responses to the questions raised on the basis of the evidence

presented, the question is best left to the jury.").


## III.   Discussion

"To prevail upon a malicious prosecution claim under Connecticut law, a plaintiff must

prove the following elements: (1) the defendants initiated or procured the institution of criminal

proceedings against the plaintiff; (2) the criminal proceedings terminated in favor of the plaintiff;

(3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily

for a purpose other than that of bringing an offender to justice." Holman v. Cascio, 390 F. Supp.

2d 120, 122 (D. Conn. 2005) (quoting QSP, Inc. v. Aetna Casualty & Surety Co., 256 Conn. 343,

360 n. 16, 773 A.2d 906 (Conn. 2001); McHale v. W.B.S. Corp., 187 Conn. 444, 447, 446 A.2d

815 (Conn. 1982); Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982 (Conn. 1978)).

Plaintiff argues that there are material questions of fact as to the second, third, and fourth

elements of her claim, which turn on the credibility of Plaintiff's and Defendants' testimony.

While the Court is not convinced by this argument, it is not necessary to reach these questions.  It

is clear that even viewing the evidence in the light most favorable to Plaintiff, she cannot prove

the first element of the test for malicious prosecution under Connecticut law.

Defendants did not initiate or procure the institution of criminal proceedings against

Plaintiff.  "A private person can be said to have initiated a criminal proceeding if he has insisted

that the plaintiff should be prosecuted, that is, if he has brought pressure of any kind to bear upon

5

the public officer's decision to commence the prosecution.  But a private person has not initiated a criminal proceeding if he has undertaken no more than to provide potentially incriminating information to a public officer."  Ford v. Barnes, 2000 WL 33182059 at *3 (Conn. Super. July 12, 2000) (internal citations omitted).

_____Here, all testimony in the record shows that Defendants did no more than provide information to the Police.  The record clearly indicates that the Redding Police began an investigation into the use of the stolen credit cards without pressure or input from Defendants. (Defs.'s Ex. 5, Succi Dep. at 13-17.)  The Police obtained surveillance tapes and subsequently requested that Defendants view these tapes and provide information. (Defs.' Ex. 6, Joseph Arrest Warrant ¶ 13.)  Defendants simply responded to this request as part of an on-going investigation. Furthermore, the state prosecutor testified that she pursued the case because she believed there was probable cause, not due to any urging by Defendants. (Defs.' Ex. 11, Mabbett Dep. at 16, 31.)

Defendants mere identification "cannot without more be characterized as instituting the criminal proceedings." Ford, 2000 WL 33182059 at *3.  When, as here, "the defendant has made a full and truthful disclosure and has left the decision to prosecute entirely in the hands of the public officer, he cannot be held liable for malicious prosecution." McHale v. W. B. S. Corp., 187 Conn. 444, 448 (Conn. 1982).

Plaintiff relies heavily on the alternate basis for liability, "knowingly giving information that is false." Ford, 2000 WL 33182059 at *3.  "A private person cannot escape liability if he knowingly presents information that is false; false information necessarily interferes with the intelligent exercise of official discretion." McHale, 187 Conn. at 449.  However, there is no evidence, other than Plaintiff's conclusory allegations, that Defendants supplied false information

6

to the Police.  Conclusory allegations are not enough to withstand summary judgment and Plaintiff fails to "designate specific facts" showing that there is a genuine issue for trial. <u>Delaware</u>, 902 F.2d at 178; <u>Parker</u>, 260 F.3d at 111.

Furthermore, even assuming arguendo that a jury credits Plaintiff's testimony that she is not depicted in the videos, she presents no evidence that Defendants' misidentification was knowing or malicious.  Plaintiff's only argument for holding Defendants liable on this basis is her submission that a misidentification could have no other explanation than malice.  However, this argument is contrary to the record.  The video tapes depict two Black females (Defs.' Ex. 5, Succi Dep. at 19-20) and Plaintiff and Clarke are both Black females.  Furthermore, the Baker's Shoes store manager and Sandra Buckle made the same identification as Defendants. (Defs.' Ex. 6, Joseph Arrest Warrant ¶ 11; Defs.' Ex. 10, Buckle Dep.)  The state prosecutor also noted physical similarities between Plaintiff and the individual in the videos. (Defs.' Ex. 11, Mabbett Dep. at 16, 31.)  Defendants have presented extensive evidence of physical similarity between Plaintiff and the woman in the videos, tending to show that any misidentification was accidental, not knowing. In light of this evidence, coupled with the complete absence of evidence of a knowingly false or malicious identification, no reasonable juror could find that Defendants' identification amounted to procurement of criminal proceedings.

As there is no issue of material fact as to whether Defendants initiated or procured the institution of criminal proceedings against Plaintiff, Plaintiff is unable to prevail upon her claim for malicious prosecution.

## IV.  CONCLUSION

Defendant's Motion for Summary Judgment [Doc. No. 37] is **granted.**  The clerk shall close the case.


SO ORDERED.

Dated at New Haven, May,  _21_ , 2009.


_____/s/_____
Peter C. Dorsey, U.S.D.J.